Thank you your honor and may it please the court. Mrs. Altgelt respectfully submits that the Veterans Court erred when it held that an informal original claim essentially must be already be reduced to writing when made. The Veterans Court erred because until more restrictive regulations took effect in March 2015. So where is the oral you say that an oral claim reduced to writing by the VA would qualify that's basically your position right is the way of getting around Rodriguez. Not necessarily an oral claim reduced to writing your honor but a communication or communication that gets reduced to writing the reduction to writing could occur by the VA it doesn't have to be by the claimant. That's correct your honor. Okay so where here is there some indication that there was a communication of a claim to the VA which was recorded by the VA as a claim. I'm just not seeing that. At a minimum on March 22nd 2010 Captain Altgelt submitted to what was put into VA's record the administrative record as an agent orange program compensation I'm sorry compensation and pension examination consult appendix 67 to 70 we're on appendix page 70 it's being assessed that Captain Altgelt had difficulty with higher-level cognitive functions and balance impairment. How is that a claim? It is an indication of Captain Altgelt's intent to apply for compensation his submitting to a compensation and pension examination Robert and certainly if your honor disagrees I would note that that mrs. Altgelt is not asking this court to reach the up or down determination whether in this case on the facts that was sufficient sufficiently indicating an intent to apply for benefits to be considered an informal original claim but instead to remove the obstacle of the veterans courts categorical prohibition against anything but something already reduced to writing constituting an informal original claim and then what mrs. Altgelt is requesting is that this court set aside that ruling remand for the veterans court then to address in the first instance including to consider whether that determination that more factual determination should go back to the Board of Veterans Appeals for first instance adjudication under the what mrs. Altgelt submits is the correct understanding of pre-15 version of 38 CFR section 3.155 a any communication or action. Your understanding of that regulation is that there never has to be a writing or that the writing can occur sometime after the effective date of the application. In the initial brief to this court mrs. or at that time was Captain Altgelt took the position more broadly it could be something that was never reduced to writing. On further review here of the of the presence of Rodriguez I could see where even a non oral communication or action that was never reduced to writing could get gobbled up by that by that reason in Rodriguez. And so mrs. Altgelt's position is that a communication or action later reduced to writing is enough or can be enough rather. And therefore your view is the effective date of the application can predate the date of the writing correct? Yes your honor. And the reason is for the distinction of the distinguishing fact why Rodriguez is different is that a statement that was not reduced to writing an oral statement devolved into a he said they said situation that in Rodriguez this court was concerned with VA ever intending to create with this very big federal agency expecting folks there to remember what was said to write down what was said and then as different folks within that agency work in the claim to be able to refer to that. But when as here there has been a reduction to writing of whatever communication or action is from the veteran that that leads to whatever comes it's there and it's easily referable to folks later such as here appendix page 67 to 70 the March 22nd 2010 agent orange program compensation and pension examination console. That was one of the issues that Rodriguez relied on but it also relied on 3.1 P's definition of claim right? Which which is a formal or informal communication in writing. Yes your honor so before 2015 the 38 CFR section 3.1 P defined claim application as a formal or informal communication in writing not been specified in whether it's something that already been reduced to writing at the time or later was reduced to writing and so that is how Mrs. Altgeld is distinguishing that aspect of Rodriguez and its reliance on 3.1 P where in Rodriguez he had an oral statement that was never reduced to writing. When you say it could be reduced to writing later do you mean contemporaneously or like five years later? Certainly contemporaneously would be enough by VA. I could see if it was contemporaneous wouldn't you just look at the writing? Mrs. Altgeld's position is yes absolutely. The VA's position is that a VA writing would qualify right? That's right so here that at least part of the issue I understand and my friend will correct me if I'm wrong but my understanding is that one of the reasons for the denial here is that it was a an examiner who made this note and not Captain Altgeld himself but in terms of whether captain well in terms of whether the examiner. So come back to my question is is part of your position that would have to be a contemporaneous writing or could five years later be sufficient? Five years later could be sufficient under the correct circumstances however that would it would be a real problem to prove. Absolutely it would be for the for the appellant for for the claimant in that case and it would have to be I don't want to go so far to say it would have to be. That would seem to be pretty contrary to the purpose of the regulation to have a writing to say that it could be recorded five years later. Well what I'm thinking of your honor is that VA does a lot of examinations. It contracts out a lot of examinations. These examiners are very busy and so if there is a circumstance where a VA employee or a VA contractor does not get around these same days for writing up notes but has the mental capacity in the mental recollection to be able to accurately transcribe that down the road then as a principle of at least what's permitted under the law that would work. When in your view was the communication reduced to writing here? Here it was no later than when the March 22nd 2010 Agent Orange Program Compensation and Pension Examination Consult was typed up your honor. And that I believe is on appendix page 70 but it would have been in 2010 fairly contemporaneously to when it occurred. Because the oral application you would say happened when during that actual visit to the doctor? Yes your honor the communication or action of Captain Altgeld was submitting to this compensation and pension examination then presenting himself for the purpose of getting checked out and believing as a veteran suffering from these symptoms that VA would then be accepting and processing him for disability compensation. VA already had conferred with him regarding pension regarding health care and so this then is conveying his or indicating his intent to apply for compensation as well. Your honors I am confident that each of you your questions understand the issues in this case. Mrs. Altgeld stands by her briefing I'd be happy to address any additional questions your honors have. Okay thank you. Mr. Yale. Thank you your honor. May it please the court. Can I ask you a quick housekeeping question? Your brief challenges Mrs. Altgeld standing are you maintaining that? No we're I believe claimant had a 28 J in this case. I think we have footnote in our in our response brief that said if within the one-year period an application was filed they filed a 28 J with the application subsequently VA determined that Mrs. Altgeld would be an eligible beneficiary for accrued benefits. Obviously here there's no the determination was that there's no accrued benefits but we're short answer we're no longer challenging standing. Just on sort of the the regulation here and the interpretation of the regulation for 25 years Rodriguez's sort of been the governing standard it sets out the requirements. Again in this case it's a little confusing because on page 25 Mrs. Altgeld points to sort of writings that quote memorialized oral statements but she's not actually saying the board actually went through all of these statements applied Rodriguez found that there was no informal claim and for for multiple reasons. One reason being there's no intent that there is you know sort of request for benefits and so I guess one question is where is this where is this writing out there and we think it's clear that under Rodriguez under the plain language of 3.1 P as well as 3.1 1 1 5 5 that the informal claim has to be in writing and we think that the board and the veterans court simply applied Rodriguez here. We don't think it would make any sense for there to be any sort of situation where a veteran could give an oral statement and then five years later something is memorialized. I mean even in that situation there's eventually a writing that could potentially be a claim but it's that five years later that's the document that you would look at you would look at whether the requirements of the regulations were met and again that's been the governing standard for approximately 25 years we think it's a workable standard and even though Ms. Olcott claims to not be challenging Rodriguez we think that essentially that's what's going on either this is so let's talk about hypothetical where someone comes to the VA for an I'm making a claim for disability compensation and the examiner writes that down in medical records as the veteran is making a claim for disability compensation. Is that covered by Rodriguez or is that a different issue? I mean I think to some extent it's a different issue because part of that would be I mean is that the medical professional actually putting it down into writing because under the regulations you know the medical examiners are generally not the ones who are submit being able to submit a claim an informal claim. It's submitted in the wrong place you mean? Well it's yeah I mean I think in general the sort of the law on this is that you know VA doesn't want sort of its medical examiners to be the ones that are you know submitting the claims and so it has to come from either a friend or somebody else but even in that situation even if Rodriguez you know even if that could possibly be an informal claim you'd still have to go through the elements and determine whether or not it needs you know is it in writing does it identify the benefits and whatnot and whether or not they're actually requesting compensation from the VA for you know disability compensation. Here none of the none of the writings that have been identified do that and so and the board went through all the ones that have been identified so even if there could be some hypothetical possibility that a medical a document arising from a medical examination could be an informal claim that that doesn't exist here and the board went through all of the various documents that have been I mean even just to take one step back about the Agent Orange exam I mean even the documentation for that in Appendix 71 says it has a statement that says it will be necessary for you to file a claim and so even if it was which makes it abundantly clear that whatever was going on there you know there still had to be a claim submitted. I don't think we have jurisdiction I think this is one of our arguments. I don't think we have jurisdiction over whether any particular document in this case shows the requisite intent. You agree with that? I completely agree with that which raises. We do have jurisdiction over the question that you've just been sort of talking around I think which is can reduction to a writing of an oral statement can that ever satisfy the informal claim requirement? Should we be answering that question or is your view that's that's an interesting question but it's not presented here? Our position would be that's a hypothetical question that doesn't exist in this case at all and really what it is is a backdoor challenge it's a backdoor challenge to the factual determinations of the board who went through the only writings in this case so it's a way to get to attempt to get around the jurisdictional bar but when you do that you're left with nothing because there's no the question about an oral statement being reduced to writing in some situation whether that could ever be a claim that wasn't presented to the Veterans Court and it doesn't exist here because there's not at some point there has to be a writing that some that the veteran or the dependent would have to point to which would be the end at the end of the line the memorialization there's a writing in any of these scenarios and so the only writings that have been identified the board went through and determined it didn't meet the elements of Rodriguez and so there really is no legal question at the end of the day and certainly not on the facts of this case so it's just a it would essentially be an advisory opinion on some hypothetical that could possibly come out of the Rodriguez requirements but Rodriguez was applied here and easily covers the documents within this particular record there's nothing further we ask that the court either dismiss for jurisdictional grounds or thank you mr. Nile thank you your honors first judge like you had asked when the compensation and pension examination report was written up appendix page 7 does make plan was written up on March 22nd 2010 the same day of the examination console I would like to respond briefly to the government's that the issue that mrs. Altgeld has been arguing is not actually before this court she respectfully submits it is at appendix page 23 the Board of Veterans Appeals is discussing two precedents Rodriguez at precedents to it and then a veterans court decision in a case called Cervelo and Cervelo involved a an increased rating claim in the context of there was a compensation and pension examination and remarks made there and whether those remarks that were memorialized reduced to writing in the context of that compensation examination report or enough to trigger proceedings for total disability based on individual unemployability what mrs. are within Captain Altgeld sought to argue to the veterans court was the board has a statutory duty to explain adequately its reasons or bases for all material issues of law in fact why is this case not Cervelo why is this not Cervelo and the veterans court at that point and responded this isn't Cervelo this is Rodriguez and that's why we're here distinguishing from Rodriguez your honors and the veterans courts analysis beginning with Rodriguez and and then that understanding of Rodriguez this witnesses Altgeld's spin on things but polluting or infecting its analysis from there start to appendix page 8 and goes through at least appendix page 10 where its view of Rodriguez where you need right off the bat already reduced to writing is then shaping how the veterans court then is addressing the rest of the issues that were on appeal to it and so then when this court if this court were to grant relief in setting aside the veterans courts misinterpretation of Rodriguez the pre-2015 versions of 38 CFR section 3.155 a and 3.1 P then it's it has conceptually downstream determination certainly that were adverse would be the set-aside in turn and that is the request that Mrs. Altgeld asked of this court to set aside the courts the veterans courts erroneous legal ruling and to remand with instructions for the veterans court to re-adjudicate the case in the first instance under the correct understanding of Rodriguez and these pre-2015 regulations. Are you saying you presented to the veterans court the question of whether the regulations allow a informal claim to be initiated by an oral statement at the time it's reduced to writing was that question presented to the veterans court? I believe it's a fair question whether it was adequately presented your honor absolutely we were does that mean you can't point me to where you presented that question? I can not point you to we this is perhaps a failing of mine in presenting the case of the veterans court but I coming in and from my perspective seeing just completely different facts and Rodriguez and so different not then going through the analysis and centering it on Rodriguez as well as Cervelo. I did see this case as straight-up a Cervelo case and honestly still do. Thank you. Thank